IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marty Herndon, | ) |
|                         Movant, | ) Cr. No. 0:02-0933 |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| United States of America, | ) |
|                        Respondent. | ) |

Movant Marty Herndon is an inmate in custody of the Bureau of Prisons. He currently is housed at FCI-Butner in Butner, North Carolina. On June 24, 2016, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Movant, through counsel, also filed a § 2255 motion on June 27, 2016. On November 7, 2016, President Barack Obama issued an Executive Grant of Clemency that commuted Movant's sentence to expire on October 6, 2018. ECF No. 115.

On February 6, 2018, Respondent filed a motion for summary judgment, arguing that the court lacks the authority to consider Movant's § 2255 motion because Movant was granted clemency. See United States v. Surratt, 855 F.3d 218 (4th Cir. 2017). Movant filed no response in opposition to the motion for summary judgment.

In Surratt, the defendant, Raymond Roger Surratt, Jr., received a mandatory minimum sentence of life in prison under a prior version of 21 U.S.C. § 841(b)(1)(C) that imposed a 100:1 powder-to-crack quantity ratio. In 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity between sentences for powder and crack cocaine offense. Further, in 2011, the Court of Appeals for the Fourth Circuit issued its opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), under which only one of Surratt's prior convictions constituted a felony drug offense for

purposes of § 841(b)(1)(C). Thus, under this scenario, Surratt would have been eligible for a mandatory minimum sentence of 120 months imprisonment. Surratt, 855 F.3d at 222-23. Surratt pursued relief under 28 U.S.C. §§ 2241 and 2255. His case was on appeal to the Fourth Circuit when, in January 2017, prior to a final disposition by the Fourth Circuit, the President commuted Surratt's life sentence to a 200-month term of imprisonment. Surratt, 855 F.3d at 223-24. The Fourth Circuit thereupon dismissed Surratt's appeal as moot, finding that he no longer was serving a judicially imposed sentence, but a presidentially commuted one. The Fourth Circuit determined that it was without power to supersede a presidential commutation with a contravening order, even though a lesser sentence of 120 months could have been imposed had the commuted sentence not been rendered. Id. at 219-20.

Like the defendant in Surratt, Movant is now serving a presidentially commuted sentence. The court is without jurisdiction to alter Movant's current sentence. For reasons stated, Respondent's motion for summary judgment (ECF No. 119) is **granted**. Movant's § 2255 motions (ECF Nos. 109, 111) are **denied and dismissed**.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing for the reasons

set forth hereinabove.  Accordingly, the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

                                            /s/ Margaret B. Seymour
                                            Senior United States District Judge

Columbia, South Carolina

March 12, 2018